UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation,  )<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>DECATUR INDUSTRIAL ELECTRIC, INC., )<br>a Delaware corporation, and JERMALE )<br>MURPHY,    )<br>)<br>Defendants.   ) | Case No. _____ |

## COMPLAINT FOR A DECLARATORY JUDGMENT

Great American Insurance Company ("Great American"), plaintiff, for its Complaint for a Declaratory Judgment against Decatur Industrial Electric, Inc. ("Decatur") and Jermale Murphy ("Murphy"), defendants, states:

### INTRODUCTION

1. This is a Complaint for a declaration about coverage for Decatur under a claims-made-and-reported policy issued by Great American to Decatur for a **Policy Period** effective from November 13, 2021, to October 1, 2022, a true and accurate copy of which is attached as **Exhibit A** (the "Policy").

2. Great American seeks a declaration that it has no duty under the Policy (a) to defend Decatur, or to pay on its behalf any **Costs of Defense** or other **Loss**, which Decatur becomes legally obligated to pay as a result of the civil proceeding commenced against it by the service upon it on or about January 24, 2023 of a Complaint filed in this District by Jermale Murphy on or about January 19, 2023 in Case # 2:23-cv-02014.

## PARTIES, JURISDICTION, VENUE

3. Great American is incorporated under Ohio law and has its principal place of business in Cincinnati, Ohio. Decatur is incorporated under Delaware law and has its principal place of business in Decatur in Macon County, Illinois.

4. Murphy is a citizen of Illinois and resident of Macon County, Illinois. Murphy, as plaintiff in Case # 2:23-cv-02014 against Decatur, is joined as a necessary party to this Complaint for a Declaratory Judgment.

5. This Court has jurisdiction over this action based upon 28 U.S.C. § 1332(a)(1) in that (a) there is complete diversity of citizenship between plaintiff Great American, on one hand, and defendants Decatur and Murphy, on the other; and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. The United States District Court for the Central District of Illinois, Urbana Division, according to 28 U.S.C. § 1391(b), is the proper venue for this action both because (a) all defendants are resident of Illinois and reside in the Urbana Division; and (b) a substantial part of the events or omissions giving rise to Great American's claim occurred in the Urbana Division.

## THE POLICY

7. Subject to its terms and conditions, the Great American Policy in its Insuring Agreements provides in part that, "The **Insurer** shall pay on behalf of the **Insureds** all **Loss** which the **Insureds** shall be legally obligated to pay as a result of a **Claim** first made against an **Insured** during the [November 13, 2021, October 1, 2022] **Policy Period** or the **Discovery Period** for an **Employment Practices Wrongful Act**"; and that Great American "shall assume the duty to defend any **Claim** covered under these Insuring Agreements."

8. "**Claim**" as defined under the Policy includes "a written demand for monetary or non-monetary relief"; "a formal administrative or regulatory proceeding commenced by the filing of charges, formal investigative order, or similar document, including any proceeding initiated against any **Insured** before the Equal Employment Opportunity Commission (EEOC) or any similar governmental body, or any appeal thereof"; and "a civil proceeding commenced by the service of a complaint or similar pleading, or any appeal thereof."

9. Regarding **Claim** reporting, Policy Section IX.B. provides, "With respect to any **Claim**, the **Insureds** shall, as a condition precedent to their rights under this Policy, give the **Insurer** notice in writing of such **Claim** as soon as practicable after the general counsel, or risk manager of the **Named Entity** [(Decatur)], or person with equivalent responsibility becomes aware of such **Claim**, but in no event later than ninety (90) days after the end of the [November 13, 2021 to October 1, 2022] **Policy Period** or expiration of the **Discovery Period** if applicable…."

10. Great American did not issue a policy to Decatur to replace the Policy expiring on October 1, 2022. Nor did Decatur chose to renew the Policy or purchase a Policy **Discovery Period**—as defined in Policy Section II. With the Policy's **Policy Period** ending on October 1, 2022, December 30, 2022—90 days after October 1, 2022—was the absolute deadline under Policy Section IX.B. for reporting a **Claim** to Great American.

11. According to Policy Sections III. F, R., S., and W, **Single Claim** means "all **Claims** involving the same **Wrongful Act** or **Related Wrongful Acts**"; **Wrongful Act** includes "any **Employment Practices Wrongful Act**"; **Employment Practices Wrongful Act** includes "discrimination" and "wrongful retaliation"; and **Related Wrongful Acts** means "all **Wrongful Acts** that have as a common nexus, or are causally connected by reason of any fact, circumstance, situation, event or decision."

12. Policy Section IX.D. provides further that "All **Claims** constituting a **Single Claim** shall be deemed to have been made on earlier of the following dates: (1) the earliest date on which such **Claim** was first made; or (2) the earliest date on which any such **Wrongful Act** or **Related Wrongful Acts** was reported under this Policy or any other policy providing similar coverage."

### MURPHY'S EEOC AND CIVIL PROCEEDINGS AGAINST DECATUR

13. On or about April 28, 2022—and, thus, during the Policy's November 13, 2021, to October 1, 2022, **Policy Period**—Murphy filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") against Decatur, alleging race discrimination and retaliation, a true and accurate copy of which is attached as **Exhibit B**. Decatur, on information and belief, became aware of Murphy's EEOC/IDHR proceeding when it received notice of the Charge from the EEOC shortly after it was filed.

14. After his EEOC/IDHR proceeding relating to his Charge concluded, Murphy, on or about January 24, 2023—and, thus, after the Policy's November 13, 2021, to October 1, 2022, **Policy Period**—commenced a civil proceeding against Decatur by serving upon it the Complaint he filed against it on January 19, 2023 in Case # 2:23-cv-02014, alleging race discrimination and retaliation, a true and accurate copy of which is attached as **Exhibit C**.

### MURPHY'S CLAIM – REPORTING TO GREAT AMERICAN

15. Although Murphy's civil proceeding against Decatur—described in paragraph 14—was commenced after the Policy's November 13, 2021, to October 1, 2022, **Policy Period**, that civil proceeding and Murphy's EEOC/IDHR proceeding against Decatur—described in paragraph 13—each a **Claim** as defined under the Policy—involve the same **Wrongful Act** or **Related Wrongful Acts**.

4

16. Thus, under Policy Section IX.D, each **Claim**—Murphy's EEOC/IDHR proceeding and his civil proceeding in Case # 2:23-cv-02014—are considered a **Single Claim** "deemed to have been made" when Murphy commenced his EEOC/IDHR proceeding against Decatur on or about April 28, 2022—during the November 13, 2021, to October 1, 2022, **Policy Period**.

17. But Decatur did not report Murphy's EEOC/IDHR proceeding to Great American until January 18, 2023, and Decatur reported Murphy's civil proceeding in Case # 2:23-cv-02014, to Great American on January 23, 2023.

## ACTUAL CONTROVERSY REGARDING COVERAGE

18. Thus, at least because Decatur failed to report Murphy's EEOC/IDHR proceeding—his **Claim**—to Great American until January 18, 2023—after the Policy's December 30, 2022, absolute deadline for reporting a **Claim**, 265 days after the Charge was filed, and even after the EEOC/IDHR proceeding was over—Great American has no duty under the Policy to defend or provide any indemnity for any **Costs of Defense** or other **Loss,** which Decatur is or becomes legally obligated to pay as a result of the **Claim**—including for Murphy's civil proceeding against Decatur in Case # 2:23-cv-02014.

19. Decatur disagrees, contending that Great American has a duty under the Policy to defend it against Murphy's civil proceeding in Case # 2:23-cv-0214, his **Claim**; and to pay on its behalf any **Costs of Defense** and other **Loss** resulting from that proceeding, that **Claim**.

20. An actual controversy, thus, exists between Great American and Decatur over whether Great American has any of the duties described in paragraphs 18 and 19.

21. Great American, therefore, seeks a judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 declaring that it has no duty under the Policy to defend Murphy's civil

proceeding in Case # 2:23-cv-02014, his **Claim**; or to pay on Decatur's behalf any **Costs of Defense** or other **Loss** which Decatur is or becomes legally obligated to pay as a result of that proceeding, that **Claim**.

WHEREFORE, Great American requests that this Court enter judgment in its favor and against Decatur Industrial Electric, Inc. and Jermale Murphy: (a) declaring that Great American has no duty under the Policy to defend Decatur against Murphy's civil proceeding in Case # 2:23-cv-02014 (his **Claim**)—or to pay on its behalf any **Costs of Defense** or other **Loss** which it is or becomes legally obligated to pay as a result of that proceeding—that **Claim**; and (b) awarding Great American court costs and such other relief as is just in the circumstances.

DATED: June 26, 2023                                            Respectfully submitted,

                                                                       **GREAT AMERICAN INSURANCE COMPANY**

                                                                       By:      /s/ Joseph P. Kelly

Christopher J. Graham (chrisg@joneslemon.com)
ARDC Number: 6185643
Joseph P. Kelly (jkelly@joneslemon.com)
ARDC Number: 6283224
Jones Lemon & Graham, LLP
328 S. Second Street
Geneva, Illinois 60134
Tel:   (630) 208-0805
Fax:   (630) 208-4651